**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tarek Sadideen, et al., | No. CV-19-05122-PHX-MTM |
| Plaintiffs, | **ORDER DISMISSING COMPLAINT** |
| v. | |
| United States Citizenship and Immigration Services, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss (doc. 19), filed May 14, 2020. Defendants seek dismissal of the First Amended Complaint (doc. 12) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs submitted a Response in Opposition (doc. 20) on May 28, 2020. Defendants filed a Reply (doc. 21) on June 4, 2020. For the reasons explained below, Plaintiffs have failed to state a claim for which relief can be granted. Accordingly, the Court grants Defendant's Motion to Dismiss, but will grant Plaintiffs the opportunity to amend their equal protection claim.[1]

**I.    Factual Background.**

A court considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the nonmoving party. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (internal citations omitted). Therefore, the Court

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (*See* docs. 8, 15).

assumes as true all the factual contentions in the First Amended Complaint.[2]

Plaintiffs Tarek Sadideen, Suhair Amer, Doraid T. Sadideen, and Yousra T. Sadideen[3] are Saudi Arabian nationals who last entered the United States on October 7, 2002. (Doc. 12 at 3).[4] Plaintiffs filed I-485 adjustment applications in Phoenix, Arizona on August 13, 2004, which have been pending ever since. (*Id*. at 5). On July 11, 2017, Plaintiff Tarek Sadideen filed an I-140 Petition for a National Interest Waiver with Defendant United States Citizenship and Immigration Services ("USCIS"). (Doc. 12-1, Ex. B at 4). In support of the I-140 Petition, Plaintiff Tarek Sadideen provided evidence of more than three decades of experience with the Saudi Arabian Oil Company in a number of roles, including as a specialist in marine environmental issues. (Doc. 12-1, Ex. D at 11). According to Plaintiffs, Tarek Sadideen's extensive experience in the oil industry constituted skills of great importance to the United States, such that he merited an I-140 National Interest Waiver to work in the United States. (Doc. 12 at 6).

On November 17, 2018, USCIS determined that Tarek Sadideen's employment history established exceptional ability classification, but that he nonetheless has not met the criteria for an I-140 visa as set forth in *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016). (Doc. 12 at 6). Plaintiffs state that USCIS never contacted Tarek Sadideen to arrange a personal interview prior to issuing its decision rejecting the I-140 Petition. (*Id*). Plaintiffs appealed USCIS' decision to the Administrative Appeals Office (AAO), which affirmed

---

[2] Although the general rule is that a court is not to consider material beyond the pleadings when ruling on a Rule 12(b)(6) motion, a court may consider exhibits if the documents are referenced in the complaint and have not had their authenticity challenged. *Spears v. Ariz. Bd. of Regents*, 409 F. Supp. 3d 779, 784 (D. Ariz. 2019). Defendants do not contest the authenticity of any of the exhibits submitted with the First Amended Complaint, and Plaintiffs do not contest the authenticity of the affidavit submitted with the Motion to Dismiss. Moreover, these exhibits are repeatedly referenced by the parties in their filings. (*See, e.g.* doc. 12 at 5, doc. 19 at 5, 6). Accordingly, the Court will consider these exhibits as part of the Motion to Dismiss.

[3] While the First Amended Complaint spells the surname of Plaintiffs Doraid and Yousra as "Sadieen" (doc. 12 at 3), the I-485 Forms submitted as exhibits in this matter spell their surnames "Sadideen." (Doc. 12-1, Ex. C at 8, 9). The Court presumes that "Sadideen" is the correct spelling.

[4] Plaintiff Amer is the spouse of Plaintiff Tarek Sadideen, while Plaintiffs Doraid T. Sadideen and Yousra T. Sadideen are the children of Plaintiff Tarek Sadideen.

the denial of the I-140 visa on October 19, 2018. (Doc. 12-1, Ex. E at 15).

On September 9, 2019, Plaintiffs filed an action in this Court. (Doc. 1). On February 26, 2020, Defendants filed a Motion to Dismiss under Rules 12(b)(1) and Rules 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and failure to state a claim. (Doc. 11). On March 18, 2020, Plaintiffs filed a First Amended Complaint (doc. 12). On March 27, 2020, this Court denied Defendants' Motion to Dismiss in light of the filing of the First Amended Complaint. (Doc. 18).

## II. First Amended Complaint.

Plaintiffs assert two constitutional violations by Defendants in the First Amended Complaint. First, Plaintiffs state that Defendants violated Plaintiffs' Fifth Amendment right to due process in denying the I-140 Petition without conducting a personal interview. (Doc. 12 at 7). Plaintiffs assert that Defendants deprived Plaintiffs of an opportunity to be heard in a personal interview before the I-140 Petition was adjudicated. Plaintiffs further allege that the failure to conduct a personal interview cost Plaintiffs "a significant opportunity to receive an immigrant visa." (*Id*). Therefore, Plaintiffs conclude that Plaintiffs' Fifth Amendment right to due process was violated by Defendants' failure to provide a personal interview to Plaintiff Tarek Sadideen prior to rejecting his I-140 Petition.

Second, Plaintiffs state that Defendants violated Plaintiff's Fifth Amendment right to equal protection of the laws. Plaintiffs state that Defendants always provide a personal interview to individuals petitioning for an I-130 noncitizen[5] relative visa. Plaintiffs further allege that Defendants do not provide individuals petitioning for an I-140 national interest waiver the opportunity to receive a personal interview. (*Id*). Plaintiffs conclude that this constitutes disparate treatment in violation of Plaintiff's Fifth Amendment right to equal protection of the laws.

## III. Motion to Dismiss.

On May 14, 2020, Defendants filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. (Doc. 19). Defendants argue that Plaintiffs have failed to allege

---

[5] This decision uses the term "noncitizen" as equivalent to the statutory term "alien" found at 8 U.S.C. § 1101(a)(3). *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1689 n.2 (2020).

sufficient facts to state a claim for either a due process or equal protection violation under the Fifth Amendment. (*Id.* at 3, 7). Therefore, Defendants conclude that both counts should be dismissed, and this action should be terminated. (*Id.* at 1).

First, Defendants argue Plaintiffs have not alleged a violation of their due process rights. Defendants argue that Plaintiffs lack a constitutionally protected property interest in an I-140 visa, which Defendants assert is a necessary precondition to stating a due process claim. (*Id.* at 4, citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiffs lack this interest, according to Defendants, because the decision to award an I-140 visa is discretionary, meaning no individual is automatically entitled to receive an I-140 visa. (Doc. 19 at 4.) Defendants further argue that, even if Plaintiffs could claim a constitutionally protected interest in an I-140 visa, Plaintiffs have not alleged facts sufficient to show they were prejudiced by USCIS' failure to grant Plaintiff Tarek Sadideen a personal interview before rejecting the I-140 Petition. (*Id.*, citing *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018)). Finally, Defendants state that, as a matter of law, Plaintiffs received sufficient notice and an opportunity to be heard with regard to the I-140 Petition even without a personal interview. (Doc. 19 at 6). Therefore, Defendants conclude that Plaintiffs have failed to state a claim for a violation of the Due Process clause of the Fifth Amendment.

Second, Defendants argue Plaintiffs have not alleged facts sufficient to state a claim for a violation of equal protection under the Fifth Amendment. Defendants argue that Plaintiffs have failed to allege that I-130 beneficiaries and I-140 beneficiaries are similarly situated. (*Id.* at 7). Defendants concede that applicants for I-130 visas receive personal interviews as a matter of course, while I-140 applicants do not. (*Id.* at 7-8). Defendants argue however that, without factual allegations that identify how I-130 beneficiaries and I-140 beneficiaries are similarly situated, the different treatment alone is insufficient to state a claim for a violation of Plaintiffs' equal protection rights. (*Id.* at 8).

//

//

**IV.     Legal Analysis.**

    **A.     Principles of Law.**

A complaint survives a Rule 12(b)(6) motion only when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires factual content that permits the court to draw a reasonable inference that the defendant is responsible for the misconduct alleged by the plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for a violation of the Due Process Clause under the Fifth Amendment of the United States Constitution, a party must establish that (1) the party possesses a liberty or property interest deserving of constitutional protection, and that (2) the party was deprived of notice and an opportunity to be heard related to the deprivation of that interest. *Sommer v. Elmore Cnty.*, 903 F. Supp. 2d 1067, 1070 (D. Idaho 2012) (citing *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976)).[6]

The Equal Protection Clause commands that no state may "deny to any person within its jurisdiction the equal protection of the laws." This means that "all persons similarly situated should be treated alike." *Ariz. Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014). Though the Fifth Amendment does not contain an express equal protection clause, federal courts have read an equal protection guarantee equivalent to the Fourteenth Amendment into the Fifth Amendment. *See United States v. Windsor*, 570 U.S. 744, 774 (2013); *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015).

The first step in equal protection analysis is to identify the state's classification of groups. *Brewer*, 757 F.3d at 1064 (citing *Country Classic Dairies, Inc. v. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988) (internal quotations omitted)). The focus then shifts to identifying traits common to the classified groups that are both similar and relevant

---

[6] Though these cases concern the application of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, due process analysis under the Fifth Amendment is functionally identical. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving nay person of property without 'due process of law'").

- 5 -

to the state policy. *Id*. A court then determines the appropriate level of scrutiny to apply to the alleged classification. *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018). A court may decline to decide whether two groups are similarly situated if the classification survives equal protection analysis regardless. *Id*.

### B.     Due Process Clause Analysis.

Plaintiffs fail to state a claim for a violation of the Due Process Clause of the Fifth Amendment. Plaintiffs lack a property interest in the granting of an I-140 visa. A person cannot possess a constitutionally protected interest in a government issued benefit if "government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). As the Ninth Circuit recently held in *Poursina v. U.S. Citizenship and Immigration Servs.*, 936 F.3d 868 (9th Cir. 2019), "[Section] 1153(b)(2)(B)(i)'s plain language specifies that the authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General." *Id*. at 872. Therefore, no constitutionally protected property interest can exist in an I-140 visa. As a matter of law, Plaintiffs have failed to state a claim for a violation of the Due Process Clause.

The dismissal of Plaintiffs' Due Process Clause claim is with prejudice. A dismissal for failure to state a claim is typically without prejudice, unless it is clear the complaint cannot be saved by any amendment. *Hutton v. McDaniel*, 264 F. Supp. 3d 996, 1025 (D. Ariz. 2017) (citing *Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014)). Additional amendments to the First Amended Complaint would not revive Plaintiff's Due Process Clause claim; the Ninth Circuit's conclusion in *Poursina* that I-140 visas are discretionary deprives Plaintiffs of any property interest that may be protected by the Fifth Amendment. Plaintiffs' argument to the contrary in the Complaint that I-140 visas are constitutionally protected property interests (doc. 12 at 7) is a conclusion of law not entitled to the deference afforded factual allegations when considering a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678 ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Plaintiffs cannot allege any new facts that will affect the legal conclusion

that Plaintiffs lack a property interest in an I-140 visa. Accordingly, the dismissal of the Due Process Clause claim is with prejudice.

### C. Equal Protection Clause Analysis.

Plaintiffs fail to state an equal protection claim. Plaintiffs do not offer facts in the First Amendment Complaint that demonstrate applicants for I-130 visas and applicants for I-140 visas are similarly situated. In fact, the First Amended Complaint does not even allege that I-130 applicants and I-140 applicants are similarly situated; it merely states the principle that "[t]he Equal Protection guarantee of the United States Constitution forbids different treatment of similarly situated persons without an adequate justification for different treatment." (Doc. 12 at 7). This is insufficient to demonstrate that I-130 applicants and I-140 applicants are similarly situated.[7]

Neither the First Amended Complaint nor the Response (doc. 20) to the Motion to Dismiss explain how I-130 applicants and I-140 applicants are similarly situated. Instead, Plaintiffs argue in the Response that the two categories of visa applicants are treated differently even though the issuance language of 8 U.S.C. § 1154(b) requires the Attorney General to approve a petition should the noncitizen meet the statutory requirements of 8 U.S.C. § 1151(b) (for an I-130 visa) or 8 U.S.C. § 1153(b) (for an I-140 visa). (*Id*. at 3-4, citing *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013)).

However, Section 1154(b) hurts Plaintiffs' argument rather than helps it. 8 U.S.C. § 1153(b)(2)(B)(i), the section governing national interest waivers, unambiguously states that "the Attorney General may, *when the Attorney General deems it to be in the national interest*, waive the requirements of [8 U.S.C. § 1153(b)(2)(A)]." (emphasis added). So, even though Section 1154(b) requires the Attorney General to approve a petition where a noncitizen meets the statutory requirements, it does not compel the conclusion that I-130 applicants and I-140 applicants are similarly situated, because the statutory requirements for a national interest waiver are themselves discretionary.

---

[7] Because the Court concludes Plaintiffs have failed to plead facts that demonstrate the two categories of groups are similarly situated, the Court does not reach the question of what level of scrutiny applies to Defendants' policy regarding personal interviews.

- 7 -

The dismissal of Plaintiffs' Equal Protection Clause claim is without prejudice. For groups of individuals to be "similarly situated," they must "be similar in those respects that are relevant to [the state's] own interests and its policy." *Ariz. Dream Act Coalition v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017). This is a highly context-dependent inquiry that necessarily involves factual considerations. Accordingly, the Court cannot conclude on the record before it that Plaintiffs could never allege facts sufficient to show I-130 applicants and I-140 applicants are similarly situated. Accordingly, the dismissal is without prejudice.

## V.   Conclusion.

Plaintiffs' due process claim is conclusively foreclosed by the Ninth Circuit's decision in *Poursina* and so must be dismissed without leave to amend. Plaintiffs equal protection claim rests on an unfounded legal conclusion and so must be dismissed as well. But because the Court does not conclude amendment of the equal protection claim would be futile, the Court dismisses the equal protection claim with leave to amend.

**IT IS ORDERED:**

(1)   Defendants' Motion to Dismiss (doc. 19) is **granted**.

(2)   Count One of the First Amended Complaint (doc. 12) is **dismissed with prejudice**.

(3)   Count Two of the First Amended Complaint (doc. 12) is **dismissed without prejudice**. Plaintiffs may file, within twenty-one (21) days of the issuance of this Order, a Second Amended Complaint that cures the deficiencies identified herein.

Dated this 10th day of July, 2020.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge