IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tarek Sadideen, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>United States Citizenship and Immigration Services, et al.,<br><br>　　　　Defendants. | No. CV-19-05122-PHX-MTM<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (doc. 25), filed August 14, 2020. Defendants seek to dismiss Plaintiffs' Second Amended Complaint (doc. 23) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it fails to state a claim upon which relief can be granted. Because Plaintiffs failed to respond to the Motion to Dismiss, and because the Motion to Dismiss is meritorious, the Court grants the motion, and dismisses the Second Amended Complaint with prejudice.

**I.    Background.**

The Court previously recounted the facts of this case in an earlier Order in this matter:

> Plaintiffs Tarek Sadideen, Suhair Amer, Doraid T. Sadideen, and Yousra T. Sadideen are Saudi Arabian nationals who last entered the United States on October 7, 2002. (Doc. 12 at 3). Plaintiffs filed I-485 adjustment applications in Phoenix, Arizona on August 13, 2004, which have been pending ever since. (*Id*. at 5). On July 11, 2017, Plaintiff Tarek Sadideen filed an I-140

Petition for a National Interest Waiver with Defendant United States Citizenship and Immigration Services ("USCIS"). (Doc. 12-1, Ex. B at 4). In support of the I-140 Petition, Plaintiff Tarek Sadideen provided evidence of more than three decades of experience with the Saudi Arabian Oil Company in a number of roles, including as a specialist in marine environmental issues. (Doc. 12-1, Ex. D at 11). According to Plaintiffs, Tarek Sadideen's extensive experience in the oil industry constituted skills of great importance to the United States, such that he merited an I-140 National Interest Waiver to work in the United States. (Doc. 12 at 6).

On November 17, 2018, USCIS determined that Tarek Sadideen's employment history established exceptional ability classification, but that he nonetheless has not met the criteria for an I-140 visa as set forth in *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016). (Doc. 12 at 6). Plaintiffs state that USCIS never contacted Tarek Sadideen to arrange a personal interview prior to issuing its decision rejecting the I-140 Petition. (*Id*). Plaintiffs appealed USCIS' decision to the Administrative Appeals Office (AAO), which affirmed the denial of the I-140 visa on October 19, 2018. (Doc. 12-1, Ex. E at 15).

*Sadideen v. U.S. Citizenship and Immig. Svcs.*, No. CV-19-05122-PHX-MTM, 2020 WL 3893388 at *1-2 (D. Ariz. July 10, 2020) ("*Sadideen*").

On September 9, 2019, Plaintiffs commenced this action by filing a Complaint (doc. 1). The Complaint was subsequently amended on March 18, 2020 (doc. 12) after Defendants filed a motion to dismiss (doc. 11). The First Amended Complaint alleged a violation of Plaintiffs' Fifth Amendment due process rights via the denial of a personal interview during the I-140 visa petition application process, and a violation of Plaintiffs' Fifth Amendment right to equal protection due to the alleged disparate treatment between beneficiaries of I-140 visa applicants and beneficiaries of I-130 vias applicants. (Doc. 12 at 6-8). Defendants filed another motion to dismiss on May 14, 2020 (doc. 19).

On July 10, 2020, the Court granted the motion to dismiss, concluding that Plaintiffs had failed to state a claim upon which relief could be granted for both counts. *Sadideen*, 2020 WL 3893388 at *1. The Court concluded that Plaintiffs' due process claim could not be saved via amendment and dismissed that allegation with prejudice. *Id*. at *4. However, the Court granted Plaintiffs leave to amend the equal protection claim to plead facts that demonstrate that beneficiaries of I-130 applicants are similarly situated to beneficiaries of I-140 applicants. *Id*.

//

On July 31, 2020, Plaintiffs filed a Second Amended Complaint (doc. 23). The Second Amended Complaint added the following statements as part of the factual basis for Plaintiffs' claim:

> 27. Beneficiaries of both I-140 and I-140 immigrant visa petitions are grandfathered under 8 U.S.C. § 1255(i) ("Section 245(i) of the Immigration and Nationality Act") by the filing of a qualifying I-130 or I-140 visa petition.
>
> 28. Beneficiaries of both I-130 and I-140 immigrant visa petitions seek to become lawful permanent residents of the United States.
>
> 29. Beneficiaries of both I-130 and I-140 immigrant visa petitions must prove their eligibility before Defendants make a decision on I-130 and I-140 petitions.
>
> 30. Defendants provide beneficiaries of I-130 petitions the opportunity to be heard in a personal interview before a decision is made on their I-130 petition.
>
> 31. Defendants do not provide beneficiaries of I-140 petitions the opportunity to be heard in a personal interview before a decision is made on their I-140 petition.

(*Id*. at 5). Other amendments to the Second Amended Complaint were primarily ministerial in nature and did not allege additional facts beyond those stated in the First Amended Complaint. On August 14, 2020, Defendants filed the instant Motion to Dismiss (doc. 25). Plaintiffs did not respond to Defendants' motion.

**II.     Motion to Dismiss.**

Defendants' Motion to Dismiss argues that the Second Amended Complaint still fails to plead facts sufficient to state an equal protection claim. (Doc. 25 at 3). Defendants argue that, even though the United States Citizenship and Immigration Services ("USCIS") does not regularly conduct personal interviews of beneficiaries of I-140 petitions prior to adjudicating I-140 petitions despite having the authority to do so, USCIS also does not guarantee a personal interview of beneficiaries of I-130 petitions prior to adjudicating I-130 petitions. (*Id*. at 6-7). Because USCIS' policy is not to automatically interview beneficiaries of either I-130 or I-140 petitions, Plaintiffs cannot establish that they received disparate treatment under equal protection analysis. (*Id*. at 7).

//

Defendants also argue that the two groups are not actually similarly situated. Defendants state that the new allegations of the Second Amended Complaint are "*generally factually correct*" (*id*. at 8, emphasis in original), but that Plaintiffs assert an overly broad view of immigrant visas. (*Id*). Defendants argue that an I-130 applicant is a United States citizen or lawful permanent resident family member who seeks to have USCIS certify that a claimed familial relationship exists. (*Id*). If that relationship exists, Defendants state that the beneficiary may eventually apply for lawful permanent resident status independent of the original petitioner.

By contrast, Defendants assert that an I-140 applicant is either an employer seeking to hire a foreign worker, or a self-petitioner such as Plaintiff Tarek Sadideen. (*Id*). The familial relationship of an I-140 applicant is not at issue when determining if it is in the national interest of the United States to permit an I-140 applicant to work in the United States. (*Id*. at 8-9). Therefore, the two groups are not similarly situated for purposes of equal protection analysis, Defendants conclude. (*Id*. at 9-10).

**III.    Principles of Law.**

A complaint survives a Rule 12(b)(6) motion only when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires factual content that permits the court to draw a reasonable inference that the defendant is responsible for the misconduct alleged by the plaintiff. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Equal Protection Clause commands that no state may "deny to any person within its jurisdiction the equal protection of the laws." This means that "all persons similarly situated should be treated alike." *Ariz. Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014). Though the Fifth Amendment does not contain an express equal protection clause, federal courts have read an equal protection guarantee equivalent to the Fourteenth Amendment into the Fifth Amendment. *See United States v. Windsor*, 570 U.S. 744, 774 (2013); *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015).

The first step in equal protection analysis is to identify the state's classification of groups. *Brewer*, 757 F.3d at 1064 (citing *Country Classic Dairies, Inc. v. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988)(internal quotations omitted)). The focus then shifts to identifying traits common to the classified groups that are both similar and relevant to the state policy. *Id*. A court then determines the appropriate level of scrutiny to apply to the alleged classification. *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018). A court may decline to decide whether two groups are similarly situated if the classification survives equal protection analysis regardless. *Id*.

**IV.  Analysis.**

Although under the Local Rules of Civil Procedure, failure to respond to a motion may be deemed to be a consent to the granting of the motion, *see* LRCiv 7.2(i), the Court is still obligated to review the motion to ensure it satisfies the standard necessary to dismiss an action under Rule 12(b)(6). *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)(dispositive summary judgment motion cannot be granted solely due to plaintiff's failure to respond).

Defendants' Motion to Dismiss is meritorious. The Second Amended Complaint alleges that I-130 visa applicants and I-140 visa applicants are similarly situated, because (1) beneficiaries of both I-130 visas and I-140 visas were grandfathered into the permanent residency statute under the same provision of 8 U.S.C. § 1255(i); (2) beneficiaries under both programs seek permanent residency in the United States; and (3) beneficiaries under both programs must prove their eligibility before Defendants may approve or deny an I-130 or I-140 petition. (doc. 23 at 5).

The Court does not reach the question of whether beneficiaries of I-130 visa and beneficiaries of I-140 visas are similarly situated for purposes of equal protection analysis, because even assuming the two groups are similarly situated, Plaintiffs have failed to plead facts sufficient to allege that beneficiaries of I-140 visa applicants receive disparate treatment compared to beneficiaries of I-130 visa applicants. As the United States Citizenship and Immigration Services Adjudicator's Field Manual ("Field Manual")

notes,[1] Defendants do not automatically conduct personal interviews of all I-130 beneficiaries before adjudicating their petitions either. "Most [I-130] petitions will be completed without the need of a personal interview; however, the facts of an individual case may indicate that a personal interview is appropriate. Most interviews concern the bona fides of a marriage in spouse petition proceedings or the petitioner's status in the United States". USCIS Adjudicator's Field Manual, Chapter 21.2(b)(11)(B), available at https://www.uscis.gov/sites/default/files/document/policy-manual-afm/afm21external.pdf (last accessed September 16, 2020). Therefore, Plaintiffs' allegation that I-130 beneficiaries are granted personal interviews before adjudication of the I-130 petition while I-140 beneficiaries are not is incorrect; granting a personal interview to members of either group lies within the discretion of Defendants, and Plaintiffs do not plead facts to suggest that Defendants do not adhere to their own policy.

A necessary condition for an equal protection claim is the claim that similarly situated groups are treated differently. *Brewer*, 757 F.3d at 1063. Because the allegation in the Second Amended Complaint that beneficiaries of I-130 visa petitions are treated differently than beneficiaries of I-140 visa petitions is rebutted by Defendants via the Field Manual, Plaintiffs cannot establish disparate treatment. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**V.      Conclusion.**

Plaintiffs have failed to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, and so the Second Amended Complaint must be dismissed. However, unlike in the Court's previous Order in *Sadideen*, the dismissal of the Second Amended Complaint is with prejudice, because Defendants have made a sufficient showing that subsequent amendments are unlikely to state a valid equal protection claim, and

---

[1] As this Court previously explained in its first Dismissal Order, the general rule that a court is not to consider material beyond the pleadings when ruling on a Rule 12(b)(6) motion does not apply to supplemental documents if the documents are referenced in the pleadings and have not had their authenticity challenged. *Spears v. Ariz. Bd. of Regents*, 409 F. Supp. 3d 779, 784 (D. Ariz. 2019). Because Plaintiffs do not challenge the authenticity of the Field Manual, (*see* doc. 25 at 7 n.5), the Court may consider it alongside Defendants' Motion to Dismiss.

because Plaintiffs have already received an opportunity to amend the equal protection claim. *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014)("A district court may dismiss a complaint without leave to amend if amendment would be futile.")(internal quotations omitted); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.")(internal citations omitted). Therefore, the dismissal of the equal protection claim is with prejudice.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss for Failure to State a Claim (doc. 25) is **granted**.

(2) The Second Amended Complaint (doc. 23) is **dismissed with prejudice**.

(3) The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 21st day of September, 2020.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge